**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DEMETRIUS CURTIS,
ADC #120225**                                                                                                **PLAINTIFF**

**v.**                           **4:09CV00519BSM/HLJ**

**CHIEF STEWART, et al.**                                                       **DEFENDANTS**

**ORDER**

Plaintiff's application to proceed *in forma pauperis* in this 42 U.S.C. § 1983 lawsuit was granted on August 31, 2009 (Doc. No. 11). Plaintiff was directed to amend his complaint because the complaint was too vague and conclusory to enable the court to determine whether it was frivolous, malicious, or stated a claim.

Plaintiff has amended its complaint (Doc. No. 13) and having reviewed it, the court finds that defendants Chief Stewart of the Little Rock Police Department and the Little Rock Police Department should be dismissed for the following reasons. Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the court is required to screen complaints seeking relief against officers or employees of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915A(b)(2), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In his original complaint, plaintiff named several individuals as defendants in the caption, but failed to include specific allegations against most of those individuals in his complaint. On August 31, 2009, plaintiff was ordered to clarify his allegations, including the name of each individual personally involved, how that individual was involved and how that individual violated plaintiff's constitutional rights. In his amended complaint, plaintiff's only allegation against defendant Chief Stewart is that he refused plaintiff's requests for official police records of any investigation into plaintiff's excessive force claims. Although this can be construed as a claim of denial of access to the courts under the First Amendment, the court finds that this allegation fails to state a claim for relief because plaintiff fails to allege that he was actually injured by defendant's actions. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Plaintiff cannot maintain a 42 U.S.C. § 1983 claim against the Little Rock Police Department, because it is not considered a "person" within the meaning of the statute. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department

and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

Therefore, the court finds that defendants Stewart and the Little Rock Police Department should be dismissed from plaintiff's complaint for failure to state a claim for relief.

Accordingly, the court finds that service is appropriate for defendants Officer Temple and Officer Johanna.  The Clerk of the Court shall prepare summons for the defendants and the United States Marshal is hereby directed to serve a copy of the original (Doc. No. 1) and amended complaints (Doc. No. 13) and summons on defendants without prepayment of fees and costs or security therefore.  Furthermore, defendants Stewart and the Little Rock Police Department are DISMISSED from plaintiff's complaint, for failure to state a claim.

IT IS SO ORDERED this 6th day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE